**David R. Scott** (DS-8053)
**SCOTT + SCOTT LLP**
108 Norwich Avenue
P.O. Box 192
Colchester, CT 06415
Tel:  (860) 537-3818
Fax:  (860) 537-4432

**Arthur L. Shingler III**
600 B Street, Suite 1500
San Diego, CA  92101
Tel: (619) 233-4565
Fax: (619) 233-0508

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――x
MILTON ARIAIL, Individually and On Behalf of :
All Other Similarly Situated, :
                                            :
                                            :
            Plaintiff, :
                                            :
                                            :
v.                                          :
                                            :   CASE NO. 1:06-CV-10234-HB
                                            :
XETHANOL CORPORATION, LAWRENCE S. :
BELLONE, CHRISTOPHER D'ARNAUD- :
TAYLOR AND JEFFERY S.LANGBERG, :
                                            :
            Defendants. :
―――――――――――――――――――――――――x

―――――――――――――――――――――――――x
JOSEPH SPOTO, Individually and On Behalf of :
All Other Similarly Situated, :
                                            :
                                            :
            Plaintiff, :
                                            :
                                            :
v.                                          :
                                            :   CASE NO. 1:06-CV-11476-UA
                                            :
XETHANOL CORPORATION, LAWRENCE S. :
BELLONE, CHRISTOPHER D'ARNAUD- :
TAYLOR AND JEFFERY S.LANGBERG, :
                                            :
            Defendants. :
―――――――――――――――――――――――――x

[Additional captions on following page]

```
─────────────────────────────────x
ROBERT HAMILTON, On Behalf of Himself and   :
All Others Similarly Situated,               :
                                             :
               Plaintiff,                    :
                                             :
v.                                           :        CASE NO. 1:06-CV-11477-HB
                                             :
XETHANOL CORPORATION, LAWRENCE S.            :
BELLONE, CHRISTOPHER D'ARNAUD-               :
TAYLOR AND JEFFERY S.LANGBERG,               :
                                             :
               Defendants.                   :
─────────────────────────────────x
CHERYL DIFRUSCIO, On Behalf of Herself and   :
All Others Similarly Situated,               :
                                             :
               Plaintiff,                    :
                                             :
v.                                           :
                                             :        CASE NO. 1:06-CV-11516-HB
CHRISTOPHER D'ARNAUD-TAYLOR AND              :
LAWRENCE S. BELLONE,  JEFFERY S.             :
LANGBERG AND XETHANOL                        :
CORPORATION,                                 :
                                             :
               Defendants.                   :
─────────────────────────────────x

─────────────────────────────────x
CHAD JONES, Individually and On Behalf of All   :
Others Similarly Situated,                      :
                                                :
               Plaintiff,                       :
                                                :
v.                                              :
                                                :        CASE NO. 1:06-CV-13128-HB
XETHANOL CORPORATION, LAWRENCE S.               :
BELLONE, CHRISTOPHER D'ARNAUD-                  :
TAYLOR AND JEFFERY S. LANGBERG,                 :
                                                :
               Defendants.                      :
─────────────────────────────────x
```

[Additional captions on following page]

---------------------------------------------------x

ROBERT LINDBERG, Individually and On          :
Behalf of All Others Similarly Situated,      :
                                              :
                      Plaintiff,              :
                                              :
v.                                            :        CASE NO. 1:06-CV-14448-UA
                                              :
CHRISTOPHER D'ARNAUD-TAYLOR,                  :
JEFFERY S. LANGBERG, XETHANOL                 :
CORPORATION,                                  :
                                              :
                      Defendants.             :

---------------------------------------------------x

[End of captions]

### MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION OF ACTIONS, APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

Plaintiff Cheryl DiFruscio and class member Russ Olinatz ("Movants"), respectfully submit this memorandum of law in support of this motion for: (1) consolidation of related actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure; (2) appointment of Mr. Olinatz as lead plaintiff in the above-referenced actions pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4; (3) approval of Scott + Scott, LLP as lead counsel for the class; and (4) such other relief as the Court may deem just and proper.

## I.      INTRODUCTION

Presently pending before this Court are six (6) related securities class action lawsuits (the "Actions") brought on behalf of all persons who purchased or otherwise acquired securities of Xethanol Corporation ("Xethanol" or the "Company"), between January 31, 2006, and August 8, 2006, inclusive (the "Class Period"), and were damaged thereby.  These related investor class actions are captioned as follows:

| Case Caption | Date Filed |
|---|---|
| *Ariail v. Xethanol Corporation, et al*, 06-cv-10234-HB | October 23, 2006 |
| *Spoto v. Xethanol Corporation, et al*, 06-cv-11476-UA | October 31, 2006 |
| *Hamilton v. Xethanol Corporation, et al*, 06-cv-11477-HB | October 31, 2006 |
| *Difruscio v. D'Arnaud-Taylor, et al*, 06-cv-11516-UA | November 1, 2006 |
| *Jones v. Xethanol Corporation, et al*, 06-cv-13128-HB | November 13, 2006 |
| *Lindberg v. D'Arnaud-Taylor, et al*, 06-cv-14448-UA | December 13, 2006 |

These Actions are brought pursuant to §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).

Pursuant to the PSLRA, prior to selecting a lead plaintiff, the court must decide whether to consolidate the actions. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). As soon as practicable after its decision on consolidation, the court is to appoint as lead plaintiff the movant with the largest financial interest in the litigation that otherwise satisfies the requirements of Rule 42(a) of the Federal Rules of Civil Procedure. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  Here, the actions should

be consolidated because each involves substantially similar issues of law and fact. *See* Fed. R. Civ. P. 42(a). Moreover, class member Olinatz should be appointed as lead plaintiff because: (1) this motion is timely filed; (2) to Movants' knowledge, Mr. Olinatz has the largest financial interest in this litigation who otherwise (3) will adequately represent the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). Finally, Movants' selection of Scott + Scott to serve as lead counsel for the class should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.    FACTUAL BACKGROUND [1]

This is a securities class action on behalf of plaintiff and all other persons or entities, except for defendants, who purchased or otherwise acquired Xethanol securities during the Class Period, pursuing remedies under the Exchange Act.  Xethanol is a New York-based corporation that engages in the production and marketing of ethanol and ethanol-related products in the United States. Ethanol is a chemical substance that is used as a clean burning, renewable fuel, and is currently utilized as a primary gasoline additive.  According to the Company, Xethanol also optimizes the use of biomass in the renewable energy field and converts biomass that is currently being abandoned in land fills into ethanol, or other valuable co-products.

During the Class Period, defendants made numerous false and misleading statements and material omissions, concealing fraudulent conduct and financial dealings at Xethanol. Additionally, Defendants employed flawed and defective accounting practices and internal controls, particularly those concerning related-party transactions during Xethanol's formative stages. Defendants' concealment of these highly suspect transactions, as well as their false and misleading description of Xethanol's current and future business prospects, deceived the

---

[1]  These facts are derived from the allegations contained in the complaint captioned *Difruscio v. D'Arnaud-Taylor, et al,* No. 06-cv-11516-UA (S.D.N.Y.), filed November 1, 2006.

financial community, serving to cause and maintain the artificially inflated price of Xethanol's stock.

In an attempt to conceal such problems, Defendants' subsequently issued emphatic denials regarding emerging concerns from the investment community as early as June 2006, discounting the allegation that Xethanol was formed simply to capitalize on the heightened interest in ethanol. Such concerns were finally validated in the ShareSleuth.com exposé, which revealed that defendants concealed that: (a) the integrity and ethical credibility of defendants was in question, particularly that of defendant D'Arnaud-Taylor, the Company's recently terminated chairman and CEO; (b) defendants were unjustifiably optimistic and aggressive in the description of Xethanol's cellulosic ethanol business, including the management and utility of its facilities, notably the Permeate facility in Hopkinton, Iowa; (c) defendants employed flawed and defective accounting practices and internal controls which served to conceal highly suspect related-party transactions during the Company's formative stages; and (d) the fraudulent nature of defendants' efforts to develop viable processes and commercialize "biomass ethanol" would make it difficult for analysts and investors to evaluate the Company's future prospects, earnings and income for present and future quarters. As the truth was revealed about the true dimensions of the continuing problems that adversely impacted business prospects at Xethanol, the price of the Company's stock staged a dramatic decline, retreating to $5.95 on August 8, 2006, a loss of as much as 60.8% from the stock's high of $15.19 per share on April 24, 2006, *resulting in millions of dollars in damage to Xethanol investors*.

### III. ARGUMENT

#### A.      The Actions Should Be Consolidated

The PSLRA provides that "if more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii). Thereafter, the Court "shall appoint

the most adequate plaintiff for the consolidated actions." *Id.*  In determining the propriety of consolidation, under Fed. R. Civ. P. 42(a), district courts have "broad discretion," and generally favor the view that "considerations of judicial economy favor consolidation." *Ferrari v. Impath, Inc.*, 2004 WL 1637053, at *2 (S.D.N.Y. July 20, 2004) (citations and quotations omitted). Indeed, several courts have noted that consolidation is particularly appropriate in the context of securities class actions if the complaints are "based on the same 'public statements and reports'" and defendants will not be prejudiced. *Id.*, 2004 WL 1637053, at *2 (quoting *Mitchell v. Complete Mgmt., Inc.*, 1999 WL 728678, at *1 (Sept. 17, 1999)).

The complaints in the present Actions relate to Xethanol securities and allege the same fraud with respect to the same or substantially the same conduct.  All of the documents to be reviewed and testimony to be taken relate to this fraudulent scheme by defendants and are identical as to all actions.  Therefore, consolidation is appropriate and in the interest of judicial efficiency and economy.

    **B.**    **Mr. Olinatz Satisfies the Lead Plaintiff Requirements of the Exchange Act and Should Be Appointed Lead Plaintiff**

The PSLRA establishes the procedure governing the appointment of a lead plaintiff in private actions arising under the Exchange Act that brought as class actions pursuant to the Federal Rules of Civil Procedure. 15 U.S.C. §78u-4(a)(1)-(3)(B)(ii).

First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Here, the relevant notice was published in *Market Wire* on October 24, 2006. *See* Scott Decl., Ex. A.  Within 60 days after publication of the notice, any "person" or "group of persons" who are members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §78u-4(a)(3)(A)-(B);  *see also Weiss v. Friedman, Billings, Ramsey*

*Group, Inc.*, 2006 WL 197036, at *2 (S.D.N.Y. January 25, 2006).

Second, the PSLRA provides that within 90 days after publication of the notice the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members.  15 U.S.C. §78u-4(a)(3)(B).  Under this Exchange Act provision, the Court "shall" appoint the "most adequate plaintiff" to serve as lead plaintiff.  *Olsen v. New York Community Bancorp, Inc.*, 233 F.R.D. 101, 105 (E.D.N.Y. 2005).  The Exchange Act provides that the Court is to presume the "most adequate plaintiff" to be the class member plaintiff who:  (1) has either filed a complaint or moved for lead plaintiff in response to a notice; (2) "has the largest financial interest in the relief sought;" and (3) satisfies the typicality and adequacy requirements of Federal Rule of Civil Procedures 23.   15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *see also Olsen*, 233 F.R.D. at 105.

### 1.   Movants Have Timely Moved for Appointment of Mr. Olinatz as Lead Plaintiff

All class members who are interested in moving for appointment as lead plaintiff in this matter must have done so within 60 days of the initial publication on October 24, 2006. 15 U.S.C. §78u-4(a)(3)(A)-(B). Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required October 24th notice, Movants hereby timely move this Court to appoint Mr. Olinatz as lead plaintiff on behalf of all members of the class. Mr. Olinatz also has duly signed and filed a certification stating his willingness to serve as a representative party on behalf of the class. *See* Scott Decl., Ex. B.

### 2.   Mr. Olinatz Has the Requisite Financial Interest in the Relief Sought by the Class

During the Class Period, Mr. Olinatz purchased 2,180 shares of Xethanol common stock

and lost approximately $22,109.00 as a result thereof.[2]  *See* Scott Decl., Ex. B.  Movants are not aware of any other lead plaintiff applicant with a larger interest in the litigation who otherwise will adequately represent the class.  Because Mr. Olinatz has a substantial financial interest and, as discussed below, otherwise satisfy all of the PSLRA's prerequisites for appointment as lead plaintiff in this action, he should be appointed lead plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

### 3.  Mr. Olinatz Otherwise Satisfies Rule 23 of the Federal Rules of Civil Procedure

According to 15 U.S.C. §78u-4(a)(3)(B), the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.  Fed. R. Civ. P. 23(a).  Of the four prerequisites, only two – typicality and adequacy – directly address the personal characteristics of the class representative.  *Olsen*, 233 F.R.D. at 108.  Consequently, in deciding a motion to serve as lead plaintiff, the Court need only inquire into the typicality and adequacy of the proposed lead plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class.  Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members.  *See Rossini v. Ogilvy & Mather, Inc*., 798 F.2d 590, 598 (2d Cir. 1986).  Typicality does not require

---

[2]     This loss represents an approximate total recoverable loss based on a presumed value of $3.29 per share, which is the average closing price for the first 90 post-class period trading days.

that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See Priest v. Zayre Corp.*, 118 F.R.D. 552, 555 (D. Mass. 1988) ("'With respect to typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of the absent [class] members.'") (citation omitted); *In re Crayfish Co. Sec. Litig.*, 2002 U.S. Dist. LEXIS 10134, at *15 (S.D.N.Y. June 6, 2002).

Mr. Olinatz satisfies this requirement because, like all other class members, he: (1) purchased or acquired Xethanol securities during the Class Period; (2) purchased or acquired Xethanol securities in reliance upon the allegedly materially false and misleading statements issued by defendants; and (3) suffered damages thereby. Thus, Mr. Olinatz's claims are typical of those of other class members since his claims and the claims of other class members arise out of the same course of events.

Under Rule 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry of the movant's adequacy to represent the class to the following: (1) the absence of potential conflict between the named plaintiffs and the class member; (2) the class representatives' choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation; and (3) the class has a sufficient interest to ensure vigorous adequacy. *Weltz v. Lee,* 199 F.R.D. 129, 133 (S.D.N.Y. 2001).

Here, Mr. Olinatz is clearly "adequate" because his interests are aligned with the interests of the class and because both suffered from the same artificial inflation of the price of Xethanol securities and would benefit from the same relief. Movants, are represented by Scott + Scott, a

firm with significant securities fraud litigation experience that is more than adequately equipped and informed in this action to proceed as a class representative and lead plaintiff.  Moreover, there is no evidence of antagonism between Mr. Olinatz and the class.  Finally, as shown below, Movants' proposed lead counsel, Scott + Scott, is highly qualified, experienced and able to conduct this complex litigation in a professional manner.  Thus, Mr. Olinatz *prima facie* satisfies all of the requirements of Rule 23 for the purposes of this Motion.

      **C.**     **The Court Should Approve Movants' Selection of Counsel**

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent.  In that regard, Movants have selected Scott + Scott to serve as lead counsel and Wechsler Harwood LLP as local counsel.  Scott + Scott is a firm with substantial experience in the prosecution of shareholder and securities class actions and possesses the resources necessary to efficiently conduct this litigation.  *See* Scott Decl., Ex. C.  Accordingly, the Court should approve Movants' selection of counsel.  Similarly, Wechsler Harwood has substantial securities class action experience.  *See* Scott Decl., Ex. D.

## IV.  CONCLUSION

For all the foregoing reasons, Movants respectfully request that the Court: (1) consolidate all related actions; (2) appoint Mr. Olinatz as lead plaintiff; (3) approve Movants' selection of Scott + Scott to serve as lead counsel for the Class, and (4) order such other relief as the Court may deem just and proper.

DATED: December 26, 2006                    Respectfully Submitted,

                                            __/s/ David R. Scott_____

                                            **SCOTT + SCOTT, LLP**

                                            DAVID R. SCOTT (DS-8053)
                                            ERIN GREEN COMITE
                                            108 Norwich Avenue
                                            Colchester, CT  06415
                                            Telephone:  860/537-5537
                                            860/537-4432 Fax

                                                    -and-

                                            SCOTT + SCOTT, LLP
                                            ARTHUR L. SHINGLER III
                                            600 B Street, Suite 1500
                                            San Diego, CA 92101
                                            Telephone:  619/233-4565
                                            619/233-0508 (fax)

                                            **Proposed Lead Counsel**

                                            WECHSLER HARWOOD LLP
                                            ROBERT I. HARWOOD
                                            JEFFREY MICHAEL NORTON
                                            488 Madison Avenue, 8th Floor
                                            New York, NY  10022
                                            Tel: (212) 935-7400
                                            Fax: (212) 753-3630

                                            **Proposed Local Counsel**

9