UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
MILTON ARIAIL, Individually And On Behalf
of All Others Similarly Situated,

                       Plaintiff,

     vs.

XETHANOL CORPORATION, LAWRENCE
S. BELLONE, CHRISTOPHER D'ARNAUD-
TAYLOR and JEFFERY S. LANGBERG,

                       Defendants.
---------------------------------------------------------------- x

Civil Action No. 06-CV-10234

Electronically Filed

[Caption continued on following page.]


**REPLY BRIEF IN FURTHER SUPPORT OF MOTION OF COUNSELL GROUP TO
CONSOLIDATE ALL RELATED CASES; TO BE APPOINTED LEAD PLAINTIFFS;
AND TO APPROVE PROPOSED LEAD PLAINTIFFS' CHOICE OF COUNSEL**

| | |
|---|---|
| JOSEPH SPOTO, On Behalf of Himself and All Others Similarly Situated, | Civil Action No. 06-CV-11476 |
| Plaintiff, | |
| vs. | |
| XETHANOL CORPORATION, LAWRENCE S. BELLONE, CHRISTOPHER D'ARNAUD-TAYLOR and JEFFERY S. LANGBERG, | |
| Defendants. | |
| ROBERT D. HAMILTON, Individually and On Behalf of All Others Similarly Situated, | Civil Action No. 06-CV-11477 |
| Plaintiff, | |
| vs. | |
| XETHANOL CORPORATION, CHRISTOPHER D'ARNAUD-TAYLOR and LAWRENCE S. BELLONE, | |
| Defendants. | |
| CHERYL DIFRUSCIO, Individually and On Behalf of All Others Similarly Situated, | Civil Action No. 06-CV-11516 |
| Plaintiff, | |
| vs. | |
| CHRISTOPHER D'ARNAUD-TAYLOR, LAWRENCE S. BELLONE, JEFFERY S. LANGBERG and XETHANOL CORPORATION | |
| Defendants. | |

| | |
|---|---|
| CHAD JONES, On Behalf of Himself and All Others Similarly Situated,<br><br>       Plaintiff,<br> vs.<br><br>XETHANOL CORPORATION, LAWRENCE S. BELLONE, CHRISTOPHER D'ARNAUD-TAYLOR and JEFFERY S. LANGBERG,<br><br>       Defendants. | : Civil Action No. 06-CV-13128<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## INTRODUCTION

The Counsell Group respectfully submits their reply brief in further support of their motion to consolidate various securities fraud class actions filed against Xethanol Corporation, to be appointed Lead Plaintiffs in this action pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by Section 101(a) of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), and for approval of their selection of the law firm of Kahn Gauthier Swick, LLC ("KGS") as Lead Counsel for the Class.

In addition to the Counsell Group's motion, four other lead plaintiff motions were filed by competing lead plaintiff movant groups: (1) the "Xethanol Investor Group" represented by proposed Lead Counsel Schiffrin & Barroway, LLP ("Schiffrin & Barroway") and proposed liaison counsel Brodsky & Smith, LLC; (2) the "Xethanol Investors Group," represented by proposed Tri-Lead Counsel, Murray, Frank & Sailer LLP ("Murray Frank"); Schatz Nobel Izard, P.C. ("Schatz Nobel") and Glancy Binkow & Goldberg LLP ("Glancy Firm"); (3) the Hamilton Lead Plaintiff Group, represented by proposed Co-Lead Counsel Shalov Stone & Bonner LLP

("Shalov Firm") and Sarraf Gentile LLP ("Sarraf Gentile"); and (4) Cheryl DiFruscio and Russ Olinatz, represented by proposed Lead Counsel Scott + Scott, LLC ("Scott + Scott").

A review of the five Lead Plaintiff motions in this action readily confirms that the Counsell Group, with losses of $235,312.69, sustained the largest losses of any investor seeking to be appointed Lead Plaintiff by a significant margin and is the presumptive most adequate Lead Plaintiff.  Because the Counsell Group made a timely motion, has the largest financial interest in the outcome of the litigation, has demonstrated their intent to serve as Lead Plaintiffs, including their cognizance of the duties of serving in that role, and because the Counsell Group satisfies both the applicable requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure, the Counsell Group constitutes the presumptive "most adequate plaintiff."   There is nothing in any of the competing motions to suggest that the Counsell Group or its counsel is subject to unique defenses, which is the only evidence that can rebut the presumption of adequacy under the Exchange Act.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa), (bb).  Therefore, the Counsell Group should be appointed Lead Plaintiffs.

The Court should also approve the Counsell Group's choice of proposed Lead Counsel.  The Counsel Group has selected KGS as proposed Lead Counsel.  KGS is a diverse law firm with extensive experience prosecuting complex actions, including securities class actions and other complex litigation, as well as extensive trial experience.  *See* Miller Decl. submitted with the Counsell Group's opening motion at Exhibit D.  In light of the foregoing, KGS is very well qualified to represent the Class and the Counsell Group's selection of KGS as proposed Lead Counsel should be approved.

# ARGUMENT

### A. No Movant Has Rebutted the Presumption that the Counsell Group Is the Most Adequate Lead Plaintiff

The Counsell Group is the presumptive most adequate Lead Plaintiff, and that presumption cannot be rebutted here. As noted in the Counsel Group's opening motion papers, in determining who is the "most adequate plaintiff," the statute provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that –
>
> (aa) has either filed the complaint or made a motion in response to a notice…
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth in detail in the Counsell Group's opening papers, the Counsell Group has met each of these requirements and is the presumptive most adequate Lead Plaintiff. First, the Counsell Group timely filed its motion in response to a notice on December 26, 2006, the statutorily-mandated deadline for filing such a motion. Second, the Counsell Group has the largest financial interest in the relief sought by the class. The Counsell Group has losses of $235,312.69. These losses are $69,797.69 greater than the movant group with the next-largest losses, the "Xethanol Investor Group" represented by Schiffrin & Barroway. The Counsell Group's losses are more than twice the size of the losses of the remaining movant groups. Third, the Counsell Group otherwise satisfied the requirements of Rule 23. Specifically, with respect to typicality and adequacy—the only requirements of Rule 23 relevant to the lead plaintiff inquiry—the Counsell Group readily meets these requirements.

The Counsell Group's claims meet the typicality requirement of Rule 23(a)(3). The Counsell Group's claims are identical, non-competing, and non-conflicting with the claims of other Class Members. Like other Class Members, the Counsell Group purchased Xethanol stock during the Class Period at artificially-inflated prices as a result of defendants' misrepresentations and omissions and suffered damages as a result. In addition, the Counsell Group is not subject to any unique or special defenses.

The Counsell Group meets the adequacy requirements of Rule 23(a)(4). The Counsell Group's interests are clearly aligned with the members of the Class because their claims are identical to the claims of the Class. There is no evidence of antagonism between their interest and those of the putative class members'. The Counsell Group has a significant, compelling interest in prosecuting this action to a successful conclusion based upon the very large financial loss they incurred as a result of the wrongful conduct alleged in the complaints in these related actions. This motivation, combined with the Counsell Group's identical interest with the members of the Class, clearly show that the Counsell Group will adequately and vigorously pursue the interests of the Class. In addition, the Counsell Group have selected a law firm that is highly experienced in prosecuting securities class actions and will ably represent the Class.

The presumption in favor of appointing the Counsell Group as Lead Plaintiff may be rebutted solely by proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interests of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78 u-4(a)(3)(b)(iii)(I).

That presumption has not been and cannot be rebutted here.  Therefore, the Counsell Group is the most adequate Lead Plaintiff and its motion for, *inter alia*, appointment as Lead Plaintiff should be granted.

The Counsell Group—like all of the competing movant groups—is comprised of a small group of individual investors who were damaged by defendants' wrongdoing as alleged in the complaints.  Aggregation of the losses of the five investors comprising the Counsell Group is appropriate here.  The statute itself refers to the "***person or group of persons*** that … has the largest financial interest in the relief sought…" 15 U.S.C. § 78u-4(a)(3)(B)(iii).  *See also Weltz v. Lee*, 199 F.R.D. 129, 132 (S.D.N.Y. 2001) (permitting aggregation of the losses of "group of seven" unrelated investors);  *In re Espeed, Inc. Sec. Litig*, 232 F.R.D. 95 (S.D.N.Y. 2005) (the "majority view" in the Second Circuit holds that "unrelated investors may aggregate;" and the court concluded that "where aggregation would not displace an institutional investor as presumptive lead plaintiff based on the amount of losses sustained, a small group of unrelated investors may serve as lead plaintiff, assuming they meet the other necessary requirements.")

This Court should also approve the Counsell Group's Choice of Proposed Lead Counsel, KGS.  As the Firm Biography for KGS—attached as Exhibit D to the Miller Declaration submitted with the Counsell Group's opening motion—demonstrates, KGS is very well qualified to represent the Class in this action.  In fact, KGS was the first firm to file a complaint in this action on behalf of plaintiff Milton Ariail, and undertook to vigorously research and investigate this action, as the initial complaint in *Ariail v. Xethanol Corp, et al.*, Civ. No, 06-CV-10234 shows.

KGS is a diverse law firm with extensive experience prosecuting complex actions, including securities class actions and other complex litigation, as well as extensive trial

experience.  KGS has four partners, one of counsel, and three associate lawyers, as well as multiple paralegals, investigators and support staff, providing the firm the resources necessary to vigorously litigate this action.  Among its partners and of counsel, one attorney is female and one is African-American.  Among its associates, two are female.  The attorneys who will be primarily involved in this litigation are Kim Miller, a female partner with over ten years of experience prosecuting securities class actions, and Glen Woods, an African-American of counsel with extensive trial experience in complex litigation in federal and state court, including trying over two hundred business and tort cases.  Ms. Miller and Mr. Woods will be assisted by Catherine Gauthier, one of the female associates at the firm, among others.

### B.     The Xethanol Investor Group Is Not the Most Adequate Lead Plaintiff

The motion made on behalf of the "Xethanol Investor Group," represented by proposed lead counsel Schiffrin & Barroway, should be denied because the Xethanol Investor Group is not the presumptive most adequate Lead Plaintiff and its motion was not timely filed.

First, the losses of the Xethanol Investor Group are just $165,515—$69,797.69 less than the Counsell Group's losses.  Therefore, the Xethanol Investor Group does not have the largest losses and is not the presumptive most adequate Lead Plaintiff.

Second, the motion of the Xethanol Investor Group was not timely filed by the deadline of December 26, 2006, mandated by the PSLRA.  *See* 15 U.S.C. § 78u-4(a)(3)(A) and (B).  Instead, the motion was bounced on December 26, 2006 and filed on December 27, 2006.  Therefore, the Xethanol Investor Group motion is untimely.  In any event, even if the Xethanol Investor Group motion were timely filed, the Counsell Group is the most adequate Lead Plaintiff among all the investors who made a motion to be appointed Lead Plaintiff, and its motion should be granted.

### C. The Xethanol Investors Group Is Not the Most Adequate Lead Plaintiff

The motion made on behalf of the "Xethanol Investors Group," represented by proposed Tri-Lead Counsel Murray Frank, Schatz Nobel, and the Glancy Firm, should be denied because the Xethanol Investors Group is not the presumptive most adequate Lead Plaintiff and because its selection of Tri-Lead Counsel provides an unnecessarily complex counsel structure which will lead to inefficiencies in the litigation.

First, the losses of the Xethanol Investor Group are just $98,330.00—$137,782.69 less than the Counsell Group's losses. Therefore, the Xethanol Investors Group does not have the largest losses and is not the presumptive most adequate Lead Plaintiff.

Second, the proposed Tri-Lead Counsel of Murray Frank, Schatz Nobel, and the Glancy Firm provides an overly-cumbersome, unmanageable counsel structure that will inevitably result in inefficiencies in the litigation to the detriment of plaintiffs and the class. It is obvious that this structure was proposed for the sole purpose of consolidating the small losses of the clients of three separate law firms. Courts have questioned such arrangements. *See*, *e.g.*, *Miller v. Ventro Corp.*, 2001 U.S. Dist. LEXIS 26027, No. 01-CV-1287, 2001 WL 34497752, at *13 (N.D. Cal. Nov. 28, 2001)("If [plaintiffs] believe that more than one law firm is necessary, they must demonstrate to the Court's satisfaction the need for multiple lead counsel); *In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404, 418 (D.N.J. 1998), ("the potential for duplicative services and the concomitant increase in attorneys' fees works against the approval of multiple lead counsel.").

### D. The Hamilton Lead Plaintiff Group Is Not the Most Adequate Lead Plaintiff

The motion made on behalf of the Hamilton Lead Plaintiff Group, represented by proposed Co-Lead Counsel the Shalov Firm and Sarraf Genile, should be denied because the Hamilton Lead Plaintiff Group is not the presumptive most adequate Lead Plaintiff.

The losses of the Hamilton Lead Plaintiff Group are just $43,533.00—*a whopping $192,779.69 less than the Counsell Group's losses*. Therefore, the Hamilton Lead Plaintiff Group does not have the largest losses and is not the presumptive most adequate Lead Plaintiff.

### E.     The Olinatz Movants Are Not the Most Adequate Lead Plaintiff

The motion made on behalf of the Olinatz Movant Group, represented by proposed Lead Counsel Scott + Scott, should be denied because the Olinatz Movant Group is not the presumptive most adequate Lead Plaintiff, and its motion and proposed Lead Plaintiff structure is confusing.

First, the Olinatz Movant Group is purportedly comprised of two members—plaintiff Cheryl DiFruscio and class member Russ Olinatz—and yet the motion seeks to appoint only *one* of those movants, Russ Olinatz, as the Lead Plaintiff, without explaining why Ms. DiFruscio constitutes one-half of the movant group, and yet is not making the motion on her own behalf. It appears that the Olinatz Movant Group seeks only to have Mr. Olinatz as the Lead Plaintiff, but clarification of this issue may be appropriate, although it appears unnecessary in light of the fact that the presumption that the Counsell Group is the most adequate Lead Plaintiff has not been, and cannot be, rebutted.

Second, the losses of the Olinatz Movant Group of just $22,109.00 are dwarfed by the losses of presumptive Lead Plaintiff the Counsell Group, and the Olinatz Movant Group certainly does not constitute the presumptive Lead Plaintiff.

### CONCLUSION

For the foregoing reasons, and the reasons set forth in the Counsell Group's opening motion and supporting papers, the Counsell Group respectfully requests that this Court: (1) consolidate all related actions, (2) appoint the Counsell Group to serve as Lead Plaintiffs in this

consolidated action; (3) approve the Counsell Group's selection of Lead Counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper.

Dated: January 10, 2007                    Respectfully submitted,

                                              **KAHN GAUTHIER SWICK, L.L.C.**

/s/ Kim E. Miller
Kim E. Miller (KM-6996)
114 E. 39th St.
New York, NY  10016
Tel: (212) 920-4310
Fax: (504) 455-1498

    -and-

Glen Woods
Lewis S. Kahn
Kahn Gauthier Swick, LLC
650 Poydras St., Ste. 2150
New Orleans, Louisiana  70130
Tel: (504) 455-1400
Fax: (504) 455-1498

*Counsel for the Counsell Group and Proposed Lead Counsel for the Class*