UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MILTON ARIAIL, *Individually and on behalf of all others similarly situated,*<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>XETHANOL CORPORATION, LAWRENCE S. BELLONE, CHRISTOPHER D'ARNAUD-TAYLOR and JEFFERY S. LANGBERG,<br><br>　　　　　　　Defendants. | Electronically Filed<br><br>Civil Action No. 1:06-cv-10234-HB<br><br>(ECF Case) |
| JOSEPH SPOTO, *Individually and on behalf of all others similarly situated,*<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>XETHANOL CORPORATION, LAWRENCE S. BELLONE, CHRISTOPHER D'ARNAUD-TAYLOR and JEFFERY S. LANGBERG,<br><br>　　　　　　　Defendants. | Civil Action No. 1:06-cv-11476<br><br>(ECF Case) |
| ROBERT HAMILTON, *On behalf of himself and all others similarly situated,*<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>XETHANOL CORPORATION, CHRISTOPHER D'ARNAUD-TAYLOR and LAWRENCE S. BELLONE,<br><br>　　　　　　　Defendants. | Civil Action No. 1:06-cv-11477-HB<br><br>(ECF Case) |

[Captions continued on next page]

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE
MOTION OF THE XETHANOL INVESTOR GROUP TO CONSOLIDATE
ACTIONS, TO BE APPOINTED LEAD PLAINTIFF AND FOR APPROVAL OF
LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL,
<u>AND IN OPPOSITION TO ALL COMPETING MOTIONS</u>**

| | |
|---|---|
| CHERYL DiFRUSCIO, *On behalf of herself all others similarly situated,* <br><br> Plaintiff, <br><br> vs. <br><br> CHRISTOPHER D'ARNAUD-TAYLOR, LAWRENCE S. BELLONE, JEFFERY S. LANGBERG and XETHANOL CORPORATION <br><br> Defendants. | Civil Action No. 1:06-cv-11516 <br><br> (ECF Case) |
| CHAD JONES, *Individually and on behalf of all others similarly situated,* <br><br> Plaintiff, <br><br> vs. <br><br> XETHANOL CORPORATION, LAWRENCE S. BELLONE, CHRISTOPHER D'ARNAUD-TAYLOR and JEFFERY S. LANGBERG, <br><br> Defendants. | Civil Action No. 1:06-cv-13128-HB <br><br> (ECF Case) |
| ROBERT LINDBERG, *Individually and on behalf of all others similarly situated,* <br><br> Plaintiff, <br><br> vs. <br><br> CHRISTOPHER D'ARNAUD-TAYLOR, LAWRENCE S. BELLONE, JEFFERY S. LANGBERG and XETHANOL CORPORATION <br><br> Defendants. | Civil Action No. 1:06-cv-14448 <br><br> (ECF Case) |

[Captions continued on next page]

| | |
|---|---|
| DAVID LEMOINE, *Individually and on behalf of all others similarly situated,*<br><br>                              Plaintiff,<br><br>       vs.<br><br>XETHANOL CORPORATION, LAWRENCE S. BELLONE, CHRISTOPHER D'ARNAUD-TAYLOR and JEFFERY S. LANGBERG,<br><br>                              Defendants. | Civil Action No. 1:06-cv-15176<br><br>(ECF Case) |

Proposed Lead Plaintiff Anthony Urana, Blaise Aguirre and Vicky Lochtefeld (collectively, the "Xethanol Investor Group") respectfully submit this memorandum of law in further support of their motion to consolidate actions, to be appointed Lead Plaintiff and for approval of Lead Plaintiff's selection of Lead Counsel and Liaison Counsel, and in opposition to all competing motions for Lead Plaintiff.[1]

## I.  PRELIMINARY STATEMENT

The Private Securities Litigation Reform Act of 1995 ("PSLRA") requires the Court to appoint as lead plaintiff the movant that has ***both*** the "largest financial interest in the relief sought by the class" ***and*** which otherwise meets the typicality and adequacy requirements of Fed. R. Civ. P. 23 ("Rule 23").  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Sofran v. Labranche & Co.,* 220 F.R.D. 398, 401 (S.D.N.Y. 2004) (discussing PSLRA lead plaintiff requirements). While the Counsell Group claims a greater financial interest than the Xethanol Investor Group, it has not met its Rule 23 burden as it is comprised of plaintiffs who have not presented ***a scintilla of evidence*** that they have the ability to represent the class and direct the litigation. Indeed, as courts in this District have recognized, "the rebuttable presumption created by the PSLRA which

---

[1] The Counsell Group filed their opposition brief on January 10, 2006, however this was not the deadline for filing.  According to Local Civil Rule 6.1(b)(2), all oppositions on civil motions must be filed within ten days after service of the moving papers.  Under Rule 6(a) of the Federal Rules of Civil Procedure ("Federal Rules") regarding computation of time, "when the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation."  Additionally, under Rule 6(e) of the Federal Rules, Additional Time After Certain Kinds of Service, three additional days are added for service, the calculation of which includes Saturdays, Sundays and legal holidays.  The original Lead Plaintiff motions were filed on December 26, 2006.  Counting ten days, beginning on December 27, 2006 and excluding weekends and legal holidays (January 1, 2006 for New Year's Day and January 2, 2006 for the National Holiday observing the death of President Gerald Ford) results in a date of January 11, 2006.  Adding an additional three days for service brings the deadline to January 14, 2006, which was a Sunday.  Since the Courts were also closed on Monday, January 15, 2006 in observance of Martin Luther King, Jr. Day, January 16, 2006 is the appropriate deadline for filing opposition briefs in this case.

1

favors the plaintiff with the largest financial interest *was not intended to obviate the principle of providing the class with the most adequate representation*." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (emphasis added); *see also In re Cable & Wireless, PLC, Sec. Litig.*, 217 F.R.D. 372, 377 (E.D. Va. 2003) ("[a] movant's financial interest is *just a beginning point*, and courts acknowledge that they must also consider the movant's ability and willingness to adequately represent the class") (emphasis added).

The Counsell Group's failure to provide such information is particularly troubling in this case where group member M.L. Schehin[2] appears to be a convicted felon.  Indeed, the Xethanol Investor Group's own independent investigation uncovered that Martin L. Schehin was twice indicted and convicted for his role as a principal in two separate savings and loan scandals as well as an assault on an Internal Revenue Service ("IRS") agent.  Accordingly, the mere inclusion of Mr. Schehin within the group renders it inadequate.  *See* § II.A *infra*; *Shi v. Sina Corporation*, 2005 U.S. Dist. LEXIS 13176, at *13-15 (S.D.N.Y. July 1, 2005) (Buchwald, J.) (refusing to appoint lead plaintiff group that included a plaintiff convicted of providing false information to a financial institution because "convictions of fraud or other forms of dishonesty undermine the qualifications of a potential class representative").  At minimum, the Counsell Group should provide a sworn declaration from all its members attesting that they discussed Mr. Schehin's involvement in the group among each other and consented to filing a joint motion with him knowing his felonious history.

Conversely, unlike the other movants, the Xethanol Investor Group is the only movant

---

[2]  Mr. Schehin's certification is signed M.L. Schehin, however, the chart appended to his certification, as well as the "Counsell Group Trade Data" chart refer to Mr. Schehin as Martin L. Schehin.  *See* Exhibits A and C to the Declaration of Kim E. Miller in Support of Motion of the Counsell Group to Consolidate All Related Cases; To Be Appointed Lead Plaintiffs; And to Approve Proposed Lead Plaintiffs' Choice of Counsel ("Kim Decl.").  For purposes of this motion, we will refer to him as Martin L. Schehin.

group which satisfies both the largest financial interest requirement *and* has met its evidentiary burden by demonstrating that its members are able to effectively manage this litigation and supervise its counsel in a cohesive manner.  *See generally* Joint Declaration.³  The Xethanol Investor Group's Joint Declaration provides evidentiary support of: (1) backgrounds of the group's members; (2) each member's decision to seek lead plaintiff status as a member of a small group; (3) how its members would function collectively; and (4) a description of the mechanism that its members and the proposed lead counsel have established to communicate with one another about the litigation.  Accordingly, this Court should appoint the Xethanol Investor Group as lead plaintiff as it is the only lead plaintiff movant with *both* the largest financial interest and which is also able to fairly and adequately protect the putative class's interests.

Last, as the most adequate lead plaintiff, the Xethanol Institutional Investor Group is entitled to select lead counsel for this action.  15 U.S.C. § 78u-4(a)(3)(B)(v).  Here, the Xethanol Institutional Investor Group has retained competent and experienced counsel, Schiffrin Barroway Topaz & Kessler, LLP ("Schiffrin"), who will be able to conduct this complex litigation in a professional manner.  Moreover, heeding this Court's instructions to ensure diverse representation in the counsel structure, the attorneys litigating this case from Schiffrin include a female partner, female associate and African-American associate.

---

³  Joint Declaration In Further Support Of The Motion Of The Xethanol Investor Group To Be Appointed Lead Plaintiff And For Approval Of Lead Plaintiff's Selection Of Lead Counsel ("Joint Declaration"), attached as Exhibit A to the Declaration of Evan J. Smith In Further Support Of The Motion Of The Xethanol Investor Group To Consolidate Actions, To Be Appointed Lead Plaintiff And For Approval Of Lead Plaintiff's Selection Of Lead Counsel And Liaison Counsel, And In Opposition To All Competing Motions ("Smith Decl. 2").

## II.   ARGUMENT

### A.   The Counsell Group Is An Improper Group

While a "group of persons" can statutorily serve as lead plaintiff, the PSLRA by no means provides a blanket approval for all such groups.  Rather, courts across the nation evaluate lead plaintiff groups on a case-by-case basis guided by the "rule of reason," which is the approach advocated by the Securities Exchange Commission.  *In re Baan Co. Sec. Litig.*, 186 F.R.D. 214, 216-17 (D.D.C. 1999) ("the Lead Plaintiff decision should be made under a rule of reason").[4]  This approach requires that a group seeking appointment as lead plaintiff must provide information about: (1) personal and professional backgrounds of the group's members; (2) an explanation of why each member sought lead plaintiff status as a member of a group; (3) an explanation of how its members intend to function collectively; and (4) a description of the mechanism that its members and the proposed lead counsel established to communicate with one another about the litigation.  *See Schriver v. Impac Mortgage Holdings, Inc.*, No. SACV 06-31

---

[4]  *See also In re Lernout & Hauspie Sec. Litig.*, 138 F. Supp. 2d 39, 44-45 (D. Mass. 2001) (holding that a court "should not blindly aggregate the losses of unrelated plaintiffs to confer lead plaintiff status on a group without considering whether the grouping is sufficiently coherent to control the litigation"); *In re Microstrategy, Inc. Sec. Litig.*, 110 F. Supp. 2d 427, 434-435 (E.D. Va. 2000) (finding the case-by-case approach allows a district court maximum flexibility to select a lead plaintiff who will best represent the interests of the class and describing the type of information which courts should consider when selecting a lead plaintiff such as "descriptions of [the group's] members," "an explanation of how its members would function collectively," and "an explanation of how its members and the proposed lead counsel have established to communicate with one another about the litigation"); *Local 144 Nursing Home Pension Fund v. Honeywell Int'l, Inc.*, No. 00-3605 (DRD), 2000 U.S. Dist. LEXIS 16712, at *14 (D.N.J. Nov. 16, 2000) ("what is required when considering whether to appoint a group of investors is whether that group will be able to manage effectively the litigation."); *In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*, No. 04-0265, 2004 U.S. Dist. LEXIS 10200, at *13-16 (E.D. Pa. June 3, 2004) (appointing as lead plaintiff a group which submitted joint declaration identifying its decision-making mechanism and providing background on its members); *Ferrari v. Gisch*, 225 F.R.D. 599, 607 (C.D. Cal. 2004) (same).

4

CJC (RNBx), 2006 U.S. Dist. LEXIS 40607, at *27 (C.D. Cal. May 2, 2006) (rejecting the movant group which claimed the largest financial interest for failing to provide evidence of its cohesiveness and concluding that "groups of unrelated investors, while not *per se* impermissible lead plaintiffs under the PSLRA, are not adequate class representatives absent a showing that they are able to coordinate their efforts in the litigation.") (emphasis added).  Without such information, the Court has no comfort that any plaintiff knows that they have moved collectively for lead plaintiff or that they can effectively coordinate with counsel to oversee the litigation.

For instance, in *Clair v. DeLuca,* 232 F.R.D. 219, 227 (W.D. Pa. 2005), the Honorable William L. Standish refused to grant the uncontested lead plaintiff motion of a husband and wife who had failed to submit any evidence beyond their statutory certifications.  *Clair*, 232 F.R.D. at 227.  The *Clair* Court reasoned that while the proposed lead plaintiffs' statutory certifications and supporting memorandum of law stated that they had a "strong desire" to "take an active role" and "control the litigation," since there was no declaration to support these bald assertions, they should be viewed "somewhat skeptically."  *Id.*

Here, the failure of the Counsell Group to file a joint declaration is particularly alarming because the group appears to include among its ranks a convicted felon – Martin L. Schehin.  Indeed, on December 12, 1990, Mr. Schehin was indicted by a federal grand jury on a charge that he conspired to defraud the IRS by concealing profits from a land deal as loan proceeds.  *See Ex-Head of Thrift Is Indicted by Jury On Fraud Charges*, WALL ST. J., Dec. 12, 1990, at C10, attached to Smith Decl. 2 at Exhibit B.  Remarkably, at that same time, Mr. Schehin was already serving three years probation for assaulting an IRS agent who was investigating the charges against him.  *Id.*  On June 6, 1991, a federal jury convicted Mr. Schehin of one count of understating his income and two counts of making a false claim on tax returns.  *See Defunct*

5

*Thrift's Head Is Convicted in Texas*, WALL ST. J., June 6, 1991, at A10 (attached to Smith Decl. 2 at Exhibit C).

Separately, on August 23, 1991, Mr. Schehin was again indicted for another scheme, this time defrauding two savings and loan associations of $7.7 million through the use of kickbacks, loan overfunds and "land flips." *Five indicted in thrift scam*, U.P.I., August 23, 1991 (Financial) (attached to Smith Decl. 2 at Exhibit D); *USA v. Beszborne*, 21 F.3d 62, 65 (5th Cir. 1994) (appellate court reversal of district court dismissal of charge against Mr. Schehin). On June 24, 1992, the United States filed a superseding indictment charging Mr. Schehin with twelve total counts including conspiracy, bank fraud, misapplication of funds, false statements, and tax evasion. *Beszborne*, 21 F.3d at 65. On November 17, 1004, a guilty plea was entered as to Mr. Schehin. *See Beszborne* Docket at Entry 321.[5] On January 20, 1995, Mr. Schehin was sentenced to five years probation. *See Beszborne* Docket at Entry 324.

Under virtually identical circumstances, Judge Naomi Reice Buchwald of this District in *Shi.,* 2005 U.S. Dist. LEXIS 13176, at *13-15 rejected a group with the largest financial interest where the group included a convicted felon. In that case, the group member had been convicted ten years prior for "providing false information to a financial institution" and was sentenced to three years probation and five months of community confinement. *Id.* at *13. Finding that "convictions of fraud or other forms of dishonesty undermine the qualification of a potential class representative" Judge Buchwald denied the motion of the entire group. *Id.* at *14 citing *Hartsell v. Source Media*, No. 98 Civ. 1980, 2003 U.S. Dist. LEXIS 5250, at *3 (N.D. Tex. Mar. 31, 2003); *In re Proxima Corp. Sec. Litig.*, No. 93-1139-IEG, 1994 WL 374306, at *17 (S.D. Cal. May 3, 1994); *Pirelli Armstrong Tire Corp. Ret. Med. Benefits Trust v. LaBranche & Co.*,

---

[5] Docket for *USA v. Beszborne*, No. 4:90-cf-00343-3 (S.D. Tex. filed Sept. 17, 1990), *available at* https://ecf.nysd.uscourts.gov ("*Beszborne* Docket") (attached to Smith Decl. 2 at Exhibit E).

6

229 F.R.D. 395, 416-417 (S.D.N.Y. 2004).[6]

Here, considering Mr. Schehin's background, the Counsell Group clearly can not properly vet its fellow members and or be counted on to adequately protect the putative class's interests as lead plaintiff.[7]  At a minimum, this Court should require a joint declaration attesting that each member of the group knew about Mr. Schehin's background before filing the joint motion, why they nevertheless included him as a member of the group and what mechanism they have in place to effectively prosecute the litigation.[8]

---

[6] A search by name of the remaining members of the Counsell Group uncovers such incidents ranging from bankruptcy filings, domestic violence charges, robbery with and without a weapon and several federal civil matters.  However, without additional identifying information for the members of the Counsell Group (such as the middle initial provided my Mr. Schehin), it is impossible to determine whether these infractions were committed by the members of the Counsell Group or others with the same name.  Accordingly, considering the serious concerns about Mr. Schehin as well as the potential information uncovered on other members of the group, the Xethanol Investor Group believes a legitimate basis exists for this Court to allow for discovery of the full names, date of birth and place of residence of every member of the group. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iv) ("discovery related to whether a member or members of the purported plaintiff class is the most adequate plaintiff may be conducted by a plaintiff only if the plaintiff first demonstrates a reasonable basis for a finding that the presumptively most adequate plaintiff is incapable of adequately representing the class").

[7] In addition, Mr. Schehin appears to be an atypical short seller as he began the class period selling shares, even though there is no indication that he had an existing balance of shares at that time.  *See e.g. Weisz* v. *Calpine Corp.*, No. C 02-1200 SBA, 2002 U.S. Dist. LEXIS 27831 at *28 (N.D. Cal. Aug. 19, 2002) (disqualifying plaintiff with the largest financial interest because plaintiff sold Calpine stock "short" during class period); *Critical Path*, 156 F. Supp. 2d at 1109-10 (N.D. Cal. 2001) (investor who sold short only a fraction of his total holdings was deemed inadequate to represent the Class because "[s]hort sales raise the question of whether the seller was actually relying on the market price, and the class is not served by its representative coming under such scrutiny.").

[8] In addition, Counsell group member Tony Leamons has provided unreliable trading date.  In particular, Mr. Leamons indicated on his certification that he traded Xethanol stock on April 30, 2006 and November 25, 2006; however, the stock market was closed on those days.  *See* sworn shareholder certification of Tony Leamons, attached to the Kim Decl. at Exhibit A.  *See, e.g., Nager v. Websecure, Inc.*, No. 97-10662-GAO, 1997 U.S. Dist. LEXIS 19601, at *3 (D. Mass. 1997) (where a movant reported one transaction outside the trading range for a particular day, "[t]he inaccuracy in the [movant's] affidavit may be explainable, but it casts sufficient doubt on [the movant's] adequacy as a representative plaintiff that he should be excluded" from serving as

### B. The Xethanol Investor Group Should Be Appointed Lead Plaintiff And Have Its Counsel Approved As Lead Counsel

Only the Xethanol Investor Group has met its burden by demonstrating that it is a proper, cohesive lead plaintiff group under the PSLRA by submitting a joint declaration which provides all of the pertinent information required by courts to conclude that it is an adequate lead plaintiff. For instance, the Xethanol Investor Group is comprised of three members who have, collectively, been investing in the stock market for over 35 years and have provided relevant background information. *See* Joint Declaration ¶¶ 2-4.

The members of the Xethanol Investor Group have also attested to their commitment to pursue this litigation vigorously and effectively, as they have done thus far. *Id.* at ¶¶ 6-7. Indeed, the members of the Xethanol Investor Group fully understand and acknowledge the responsibilities required of a lead plaintiff including working cooperatively in the best interests of the Class. *Id.* The members of the Xethanol Investor Group also intend to actively monitor counsel on a regular basis in order to properly oversee the litigation and direct counsel. *Id.* at ¶ 7. To this end, the members of the Xethanol Investor Group have maintained regular contact with counsel and have attested to continue to do so with counsel as well as each other as the litigation progresses. *Id.* Accordingly, as a result of the foregoing commitments already made by the Xethanol Investor Group to this litigation, there is no doubt that they have sufficiently demonstrated that they are able to adequately represent and protect the interests of the Class.[9]

---

lead plaintiff); *In re Microstrategy Sec. Litig.*, 110 F. Supp 2d 427, 437 (E.D. Va. 2000). While these errors *may* be explainable, courts have nevertheless rejected movants who have similarly presented erroneous trading information. *Id.*

[9] The Counsell Group contends in its opposition brief that the motion filed by the Xethanol Investor Group on December 26, 2006 was not filed until December 27, 2006, thus making it untimely. See Counsell Group Opp at 8. However, a review of the docket shows that this contention is incorrect. The Xethanol Investor Group timely filed its initial motion on December

In addition, the Xethanol Investor Group has heeded this Court's instruction to insure diversity within the lead counsel structure. Here, the team from Schiffrin that will lead this litigation include a female partner and associate as well as an African-American associate.

## III.   CONCLUSION

For the foregoing reasons, the Xethanol Investor Group respectfully requests that the Court: (a) consolidate for all purposes the Related Actions against defendants; (b) appoint the Xethanol Investor Group as Lead Plaintiff; (c) approve Schiffrin Barroway Topaz & Kessler, LLP as Lead Counsel for the Class; and (d) approve Brodsky & Smith, LLC as Liaison Counsel for the Class.

Dated: January 17, 2007

Respectfully submitted,

**BRODSKY & SMITH, LLC**

By:   /s Evan J. Smith
Evan J. Smith (ES-3254)
240 Mineola Blvd.
Mineola, NY 11501
Telephone:(516) 741-4977
Facsimile:     (516) 741-0626

**Proposed Liaison Counsel**

**SCHIFFRIN & BARROWAY, LLP**
Katharine M. Ryan
Sean M. Handler
Karen E. Reilly
Mark K. Gyandoh
280 King of Prussia Road
Radnor, PA 19087

---

26, 2006, the deadline for filing a motion to be appointed lead plaintiff. See Smith Decl. 2 at Exhibit F.

9

           Telephone:   (610) 667-7056
           Facsimile:   (610) 667-7706

**Proposed Lead Counsel**