**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MILTON ARIAIL, *Individually and on behalf of all others similarly situated,* | Electronically Filed |
| Plaintiff, | |
| vs. | Civil Action No. 1:06-cv-10234-HB |
| XETHANOL CORPORATION, LAWRENCE S. BELLONE, CHRISTOPHER D'ARNAUD-TAYLOR and JEFFERY S. LANGBERG, | (ECF Case) |
| Defendants. | |
| JOSEPH SPOTO, *Individually and on behalf of all others similarly situated,* | |
| Plaintiff, | |
| vs. | Civil Action No. 1:06-cv-11476 |
| XETHANOL CORPORATION, LAWRENCE S. BELLONE, CHRISTOPHER D'ARNAUD-TAYLOR and JEFFERY S. LANGBERG, | (ECF Case) |
| Defendants. | |
| ROBERT HAMILTON, *On behalf of himself and all others similarly situated,* | |
| Plaintiff, | |
| vs. | Civil Action No. 1:06-cv-11477-HB |
| XETHANOL CORPORATION, CHRISTOPHER D'ARNAUD-TAYLOR and LAWRENCE S. BELLONE, | (ECF Case) |
| Defendants. | |

[Captions continued on next page]

**REPLY MEMORANDUM IN FURTHER SUPPORT OF THE
MOTION OF THE XETHANOL INVESTOR GROUP TO BE APPOINTED LEAD
PLAINTIFF AND FOR APPROVAL OF LEAD PLAINTIFF'S SELECTION OF
<u>LEAD COUNSEL AND LIAISON COUNSEL</u>**

| | |
|---|---|
| CHERYL DiFRUSCIO, *On behalf of herself all others similarly situated,*<br><br>       Plaintiff,<br><br>   vs.<br><br>CHRISTOPHER D'ARNAUD-TAYLOR, LAWRENCE S. BELLONE, JEFFERY S. LANGBERG and XETHANOL CORPORATION<br><br>       Defendants. | Civil Action No. 1:06-cv-11516<br><br>(ECF Case) |
| CHAD JONES, *Individually and on behalf of all others similarly situated,*<br><br>       Plaintiff,<br><br>   vs.<br><br>XETHANOL CORPORATION, LAWRENCE S. BELLONE, CHRISTOPHER D'ARNAUD-TAYLOR and JEFFERY S. LANGBERG,<br><br>       Defendants. | Civil Action No. 1:06-cv-13128-HB<br><br>(ECF Case) |
| ROBERT LINDBERG, *Individually and on behalf of all others similarly situated,*<br><br>       Plaintiff,<br><br>   vs.<br><br>CHRISTOPHER D'ARNAUD-TAYLOR, LAWRENCE S. BELLONE, JEFFERY S. LANGBERG and XETHANOL CORPORATION<br><br>       Defendants. | Civil Action No. 1:06-cv-14448<br><br>(ECF Case) |

[Captions continued on next page]

| | |
|---|---|
| DAVID LEMOINE, *Individually and on behalf of all others similarly situated,*<br><br>　　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>XETHANOL CORPORATION, LAWRENCE S. BELLONE, CHRISTOPHER D'ARNAUD-TAYLOR and JEFFERY S. LANGBERG,<br><br>　　　　　　　　　　Defendants. | Civil Action No. 1:06-cv-15176<br><br>(ECF Case) |

Proposed Lead Plaintiffs Anthony Urana, Blaise Aguirre and Vicky Lochtefeld (collectively, the "Xethanol Investor Group") respectfully submit this reply memorandum in further support of their motion to be appointed Lead Plaintiff and for approval of Lead Plaintiff's selection of Lead Counsel and Liaison Counsel.[1]

I.   ARGUMENT

   A.   The Counsell Group Has Conceded Its Inadequacy

The five original members of the Counsell Group filed their lead plaintiff motion and baldly asserted that they satisfied the adequacy requirements of Rule 23. Counsel Group Initial Brief at 14-16.[2] This assertion proved to be untrue. Indeed, a routine investigation by counsel for the Xethanol Investor Group revealed that one member of the Counsell Group, Martin Schehin, had been convicted for his primary role in a savings and loan scandal. On opposition, the Xethanol Investor Group raised this material fact (and other concerns) in challenging the adequacy of the Counsell Group, more specifically the decision to propose Mr. Schehin as a lead plaintiff to represent the putative class. Xethanol Investor Group Opp.[3] Not surprisingly, the Counsell Group immediately withdrew Mr. Schehin from its Group; however, they did so without any explanation.[4]

---

[1] The parties have stipulated to consolidation and a proposed order is in the process of being filed with this Court.

[2] *See* Memorandum Of Law In Support Of The Motion Of the Counsell Group To Consolidate All Related Actions; To Be Appointed Lead Plaintiffs; And To Approve Proposed Lead Plaintiffs' Choice Of Counsel.

[3] *See* Memorandum Of Law In Further Support Of The Motion Of The Xethanol Investor Group To Consolidate Actions, To Be Appointed Lead Plaintiff And For Approval Of Lead Plaintiff's Selection Of Lead Counsel And Liaison Counsel, And In Opposition To All Competing Motions ("Xethanol Investor Group Opp.").

[4] *See* Notice Of Withdrawal Of Martin Schehin As A Member Of The Counsell Proposed Lead Plaintiff Group ("Schehin Withdrawal").

1

This obvious concession by the Counsell Group that, despite its assertions to the contrary in its opening papers, it is not a cohesive unit capable of adequately leading this litigation on behalf of all absent class members is telling, and should disqualify the Group outright. *Shi v. Sina Corp.*, No. 2005 U.S. Dist. LEXIS 13176, 2005 U.S. Dist. LEXIS 13176, at *13-15 (S.D.N.Y. July 1, 2005) (Buchwald, J.) (refusing to appoint the entire group that included a proposed plaintiff convicted of providing false information to a financial institution because "convictions of fraud or other forms of dishonesty undermine the qualifications of a potential class representative").[5]

Undeterred by its previous association with Mr. Schehin, the newly-configured Counsell Group continues to plow forward. Now, without offering even a simple explanation for how or why the group sought Mr. Schehin's appointment as a lead plaintiff in the first place, the Counsell Group asks this Court to accept its remaining members as able fiduciaries to represent the putative Class. It does so without offering (to date) any information relating to its remaining members' individual qualifications, including whether, as a group, they are capable of leading this litigation. By way of contrast, the members of the Xethanol Investor Group previously filed a Joint Declaration which provided the members' respective professions, investment experience and how they plan to cohesively carry out their responsibilities as lead plaintiff. See Joint Declaration;[6] *see also Clair v. DeLuca,* 232 F.R.D. 219, 227 (W.D. Pa. 2005) (refusing to grant

---

[5] Further, the mere fact that the Counsell Group has already reconfigured its membership provides an independent basis for this Court to reject the Group as a whole. *See Switzenbaum v. Orbital Scis. Corp.*, 187 F.R.D. 246, 249 (E.D. Va. 1999) (rejecting lead plaintiff group which changed its membership, indicating that the group "cannot credibly claim to offer adequate representation to others").

[6] Joint Declaration In Further Support Of The Motion Of The Xethanol Investor Group To Be Appointed Lead Plaintiff And For Approval Of Lead Plaintiff's Selection Of Lead Counsel ("Joint Declaration"), attached as Exhibit A to the Declaration Of Evan J. Smith In Further Support Of The Motion Of The Xethanol Investor Group To Consolidate Actions, To Be

the uncontested lead plaintiff motion of a husband and wife who had failed to submit any evidence beyond their statutory certifications).  Based on its submissions thus far, the Counsell Group has shown no sense of urgency to provide even basic information (beyond that contained in their statutory certifications) from which this Court can conclude with any comfort that the Counsell Group's remaining members can provide adequate representation for the putative Class.  *See* Miller Decl.[7] at Exhibit A.  Indeed, the following facts remain unknown about the Counsell Group's members:  (i) their current employment; (ii) their investment experience; (iii) how they, as members of a group, intend to discharge their responsibilities as representatives for the putative Class; (iv) whether they are aware that they are seeking to represent the putative Class as part of a group; (v) when they first became aware of Mr. Schehin's criminal history; and (vi) how they decided to first include Mr. Schehin as a part of their group, and then to exclude him.

It is possible that the Counsell Group may, on reply, offer some declaration from its remaining members.  However, without answers to the above questions, this Court should be skeptical of the Counsell Group's professed ability to adequately represent the putative Class.

### B.     The Xethanol Investor Group Is The Presumptive Most Adequate Plaintiff

The Xethanol Investor Group is the only movant which can legitimately demonstrate that it has the largest financial interest **and** otherwise satisfies the requirements of Rule 23.  15 U.S.C. § 78u-4(a)(3)(B)(iii).  Aside from the Counsell Group – which now claims financial losses of $196,341 after the withdrawal of Mr. Schehin – the Xethanol Investor Group which lost

---

Appointed Lead Plaintiff And For Approval Of Lead Plaintiff's Selection Of Lead Counsel And Liaison Counsel, And In Opposition To All Competing Motions ("Smith Decl. 2").

[7] Declaration Of Kim E. Miller In Support Of Motion Of The Counsell Group To Consolidate All Related Cases; To Be Appointed Lead Plaintiffs; And To Approve Proposed Lead Plaintiffs' Choice Of Counsel ("Miller Decl.").

$165,515 has a greater financial interest than all other movants.[8]  To date, only the members of the Xethanol Investor Group have provided this Court (through their Joint Declaration) evidence concerning their professional background and investing experience.  See Joint Declaration at ¶¶ 2-4.  In addition, they have confirmed (beyond their statutory certifications) their desire to actively pursue this litigation as members of a small, cohesive group.  *See Id.* at ¶¶ 5-7.  Furthermore, the Joint Declaration outlines the decision-making mechanism implemented by members of the Xethanol Investor Group and their intentions to remain in contact with counsel, as well as with each other, throughout the litigation.  *Id.* at ¶ 7.  Last, in compliance with this Court's Order dated November 29, 2006, the Xethanol Investor Group has demonstrated its adequacy by retaining competent counsel comprised of a litigation team that satisfies this Court's diversity concerns.

---

[8]  The losses of the other movants are as follows:  Xethanol Investors Group $98,330; Hamilton Lead Plaintiff Group $43,533; and Cheryl DiFruscio and Russ Olinatz $22,109.  Neither the Hamilton Lead Plaintiff Group nor Cheryl DiFruscio and Russ Olinatz filed an opposition brief.  The Xethanol Investors Group filed a response brief acknowledging that both the Counsell Group and the Xethanol Investor Group had a larger financial interest.  *See* The Xethanol Investor Group's Response To Competing Motions For Appointment As Lead Plaintiff And Selection Of Counsel.

II.     **CONCLUSION**

For the foregoing reasons, the Xethanol Investor Group respectfully requests that the Court:  (a) appoint the Xethanol Investor Group as Lead Plaintiff; (b) approve Schiffrin Barroway Topaz & Kessler, LLP as Lead Counsel for the Class; and (c) approve Brodsky & Smith, LLC as Liaison Counsel for the Class.

Dated January 26, 2007

Respectfully submitted,

**BRODSKY & SMITH, LLC**

By:     /s Evan J. Smith
Evan J. Smith (ES-3254)
240 Mineola Blvd.
Mineola, NY 11501
Telephone:    (516) 741-4977
Facsimile:    (516) 741-0626

**Proposed Liaison Counsel**


**SCHIFFRIN BARROWAY
  TOPAZ & KESSLER, LLP**
Katharine M. Ryan
Sean M. Handler
Karen E. Reilly
Mark K. Gyandoh
280 King of Prussia Road
Radnor, PA 19087
Telephone:    (610) 667-7706
Facsimile:    (610) 667-7056

**Proposed Lead Counsel**

5