**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: [handwritten]

```
IN RE XETHANOL CORPORATION          )    CIVIL ACTION NO. 06-10234 (HB)
SECURITIES LITIGATION               )
                                    )
```

## FINAL ORDER AND JUDGEMENT OF DISMISSAL WITH PREJUDICE OF CLASS ACTION, APPROVAL OF THE PLAN OF ALLOCATION, AND AWARD OF PLAINTIFFS' COUNSEL'S ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

This matter (the "Litigation") came before the Court for hearing on September 15, 2008, pursuant to this Court's Order Preliminarily Approving Settlement and Providing for Notice (the "Preliminary Approval Order"), to consider the (1) application of the Settling Parties for approval of the settlement (the "Settlement") on the terms and conditions set forth in the Stipulation of Settlement dated as of April 29, 2008 (the "Stipulation"); (2) the application of Lead Plaintiffs for approval of the plan of allocation of the proceeds of the Settlement set forth in the Stipulation (the "Plan of Allocation"); (3) the application of Lead Plaintiffs' counsel for an award of attorneys' fees and reimbursement of litigation expenses incurred in the prosecution of the Litigation (the "Fee Request"); and (4) Lead Plaintiffs' application for reimbursement of their time and expenses expended in prosecution of the Litigation.

Due and adequate notice having been given of the foregoing in compliance with the requirements of Fed. R. Civ. P. 23 and this Court's Preliminary Approval Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore,

### IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

3.     This Court finds that this litigation meets the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3), because (1) Class Members are so numerous that joinder is impracticable; (2) the Litigation involves questions of law and fact that are common to all Class Members and such question of law and fact predominate over any questions affecting only individual Class members; (3) the Lead Plaintiffs have claims that are typical of the claims of other Class Members; and (4) the Lead Plaintiffs have fairly and adequately prosecuted claims of the Class Members; and, therefore, the Court finally certifies the Class and appoints the members of the Lead Plaintiff group, the Counsell Group, (Ernest Shepherd, John Zipay, Jr., Tony Leamons, and Ronald Counsell) as the representatives of the Class.

4.     This Court finds that the Notice of Pendency and Proposed Settlement of Class Action and the publication of the Summary Notice ("Class Notice"), as provided for in the Preliminarily Approval Order, were distributed to Class Members as directed by the Court therein, that over 22,000 copies of the Class Notice were distributed to potential Class Members, and that the distribution of the Class Notice as provided for in the Preliminarily Approval Order constituted the best notice practicable under the circumstances, including individual notice to all Members of the Class who could be identified through reasonable effort, to provide notice to Class Members of the proposed Settlement, the proposed Plan of Allocation, the proposed application of Lead Plaintiffs counsel's for an award of attorneys' fees and reimbursement of expenses, and Lead Plaintiffs' application for reimbursement of their expenses, and fully satisfied the requirements of Fed. R. Civ. P. 23, the requirements of due process, and any other applicable law.

5.     The Court finds that no Class Member has timely or untimely requested exclusion from the Class; that no Class Member has timely or untimely objected to the proposed Settlement or the proposed Plan of Allocation; and that only one (1) putative Class Member has timely or untimely objected to the Fee Request.

6.     Pursuant to Fed. R. Civ. P. 23(e) the Court finds that the settlement as set forth in the Stipulation is, in all respects, fair, reasonable, and adequate; is in the best interests of the

2

Lead Plaintiffs, the Class, and each of the Class Members; and is approved and shall be consummated in accordance with its terms and provisions.

7. The Settling Parties are hereby directed to perform the terms of the Stipulation.

8. The Litigation and all claims contained therein, including all of the Released Claims, are dismissed with prejudice as to the Lead Plaintiffs and the other Class Members, and as against each and all of the Released Persons. The parties are to bear their own costs, except as otherwise provided in the Stipulation.

9. Upon the Effective Date, as defined in ¶1.9 of the Stipulation of Settlement, Lead Plaintiffs, and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims (including Unknown Claims) against the Released Persons, whether or not such Class Member executes and delivers a Proof of Claim and Release form.

10. Upon the Effective Date, all Class Members and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting the Released Claims against any of the Released Persons.

11. Upon the Effective Date, as defined in ¶1.9 of the Stipulation, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged the Lead Plaintiffs, each and all of the Class Members, and Lead Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims.

12. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants or their

3

Related Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or their Related Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendants and/or their Related Parties may file the Stipulation and/or this Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13.    In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund is returned to the Defendants, then this Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

14.    The Court finds that the Plan of Allocation set forth in the Stipulation is fair and equitable and is approved.

15.    The objection to the Fee Request of putative Class Member, Ted Weinstein, is overruled.

16.    The Court finds and concludes that the Fee Request requested by Lead Plaintiffs' counsel of 25% of the Settlement Fund is less than Lead Plaintiffs' counsel's lodestar amount, as of September 8, 2008, of $824,021.75; that the requested Fee Request represents a negative multiplier to Lead Plaintiffs' counsel's lodestar of 0.849; and is, under the circumstances, fair and reasonable, and, therefore, the Court awards Lead Plaintiffs' counsel $700,000, plus interest hereafter until paid based on the same rate of interest earned by the Settlement Fund, to be paid from the Settlement Fund as provided in the Stipulation.

17.    The Court finds and concludes that the request for Lead Plaintiffs' counsel for expenses reasonably and necessarily incurred in the prosecution of the Litigation is, under the circumstances, fair and reasonable, and the Court allows Lead Plaintiffs' counsel's request for

4

such expenses in the amount of $35,157.97, plus interest hereafter until paid based on the same rate of interest earned by the Settlement Fund, to be paid from the Settlement Fund as provided in the Stipulation.

18.     The Court finds and concludes that the requested reimbursement for time and expenses is reasonable and awards each member of the Lead Plaintiff group (Ernest Shepherd, John Zipay, Jr., Tony Leamons, and Ronald Counsell) $2,000 to be paid from the settlement Fund as provided in the Stipulation.

19.     The Court hereby finds and concludes that the payment of claims related expenses to Complete Claim Solutions, LLC of no greater than $90,000 is reasonable and the Court hereby approves payment of notice and claims-related expenses.

20.     The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

21.     There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

22.     Without affecting the finality of this Final Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

DATED:  _____, 2008
        NEW YORK, NY

        _____
        HONORABLE HAROLD BAER, JR.
        UNITED STATES DISTRICT JUDGE

5